11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lawrence F. DAUM, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 93-3399.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before RICH, MICHEL, and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lawrence F. Daum appeals the April 1, 1993 decision of the Administrative Judge (AJ), Dkt. No. AT-0351-93-0174-I-1, affirming the decision of the Department of the Army (agency) to separate him effective December 12, 1992 due to a reduction-in-force (RIF). That decision became the final decision of the Merit Systems Protection Board (Board) when Daum failed to file a petition for review. We affirm.
 
 DISCUSSION
 
 2
 On appeal, our standard of review is statutorily defined and narrow. We must affirm the decision of the Board unless it is found to be
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 Daum argues that the agency did not meet its burden of showing that it properly applied the RIF regulations to him. See 5 U.S.C. Sec. 7701(c)(1)(B) (1988). According to Daum, the agency incorrectly determined the competitive level of his position in the course of making the decision to eliminate it.[1] Had the competitive level of his position been properly determined, argues Daum, it would have been classified at the same level as two other positions within his department. Daum's position may thus not have been the one that was subject to the RIF.
 
 
 8
 We are unpersuaded. The AJ specifically found, based on the testimony of a classification specialist, that the three positions in question--Daum's position and the two others--were each in a different classification series, and that pursuant to 5 C.F.R. Sec. 351.403(a) (1992)[2], the agency lacked the discretion to classify them at the same competitive level. Daum's argument--that the AJ ignored testimony showing that a "team concept" was in place according to which the incumbents of the three positions performed substantially similar duties--is irrelevant. As the AJ correctly determined, the dispositive issue for purposes of classification is the official position occupied by an individual rather than the actual duties performed. See Townsel v. Tennessee Valley Authority, 36 M.S.P.R. 356, 360 (1988); Estrin v. Social Security Administration, 24 M.S.P.R. 303, 307 (1984).
 
 
 9
 Daum next argues that the agency improperly denied him reassignment to a technical position in lieu of separation as called for by 5 C.F.R. Secs. 351.701, 351.702 (1992).
 
 
 10
 Again, we are unpersuaded. The AJ found that the agency properly denied Daum reassignment to the technical position on the ground that, pursuant to 5 C.F.R. Sec. 351.702(a)(4) (1992)[3], Daum could not perform the duties of that position without "undue interruption" to the activities in the new facility. Daum's argument on appeal, that he does not suffer from a particular physical infirmity, and thus can successfully perform the duties of the new position, is insufficient to rebut the AJ's finding. Even if it were true that Daum does not suffer from the infirmity in question, there is substantial evidence in the record--testimony from Daum's immediate supervisor (and the officer in charge) during a 30-day period in which he was detailed to the new position--to support the AJ's finding. According to that testimony, Daum was unable to successfully complete the duties of the new assignment and committed a number of safety violations. Daum has thus not shown the AJ's finding to be unsupported by substantial evidence.
 
 
 11
 For all the foregoing reasons, we find nothing in the present record that warrants reversal.
 
 
 
 [1]
 The competitive level of the employee's position can be an important determinant of whether the employee is ultimately retained after a RIF has been initiated. Pursuant to 5 C.F.R. Secs. 351.404, 351.601 (1992), all the employees at the same competitive level within a designated competitive area are listed in a retention register by order of retention standing. Thus, if an employee's competitive level is improperly determined, the pool of employees listed in the retention register could be artificially small, with a resultant adverse impact on the employee's chances of retention
 
 
 [2]
 That regulation reads in relevant part:
 Each agency shall establish competitive levels consisting of all positions in a competitive area which are in the same grade (or occupational level) and classification series and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that the incumbent of one position could successfully perform the critical elements of any other position.... (Emphasis added)
 
 
 [3]
 That regulation reads in relevant part:
 [A]n employee is qualified for reassignment ... if the employee ... [c]learly demonstrates ... a positive ability to successfully perform all critical elements of the specific position upon entry into it, without undue interruption to that activity.... (Emphasis added).